IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL No. 98-362-12
: (CIVIL ACTION No. 04-5942)
v. :
:
VICTOR RODRIGUEZ :

FILED
NOV 1 4 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                 November 14, 2007

On December 17, 2004, Victor Rodriguez filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging that his guilty plea was involuntary and that his counsel was constitutionally ineffective. At the request of both Rodriguez and the United States Attorney's Office, I ordered an evidentiary hearing and appointed Michael Paul, Esquire, to represent Rodriguez. On May 16, 2007, Paul filed a forty-two (42) page Memorandum of Law in support of Rodriguez's motion for relief.[1] An evidentiary hearing was subsequently held on October 9, 2007, during which Rodriguez testified and was represented by Paul. On October 23, 2007, Rodriguez filed a motion for new counsel alleging a "conflict of interest" with Paul due to a lack of communication and Paul's failure to follow Rodriguez's suggested strategies in pursuing collateral relief. See Mot. at 1-2.

The Court of Appeals for the Third Circuit has stated that "we have long held that

---

[1] I note that in doing so, Paul was able to reference Rodriguez's original § 2255 motion (Doc. #964); accompanying 25 page memorandum of law; supplemental § 2255 motion (Doc. #969); revised § 2255 motion (Doc. #1002); and revised memorandum of law (Doc. #1003).

the Sixth Amendment does not guarantee criminal defendants an absolute right to counsel *of their choice.*" United States v. Kikumura, 947 F.2d 72, 78 (3d Cir. 1991) (emphasis in original) (citing cases); see generally Wheat v. United States, 486 U.S. 153, 159 (1988) (the Sixth Amendment guarantees "an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers"). Moreover, the United States Supreme Court has held that the Sixth Amendment does not guarantee an accused a "meaningful attorney-client relationship." Morris v. Slappy, 461 U.S. 1, 14 (1982).

In the instant case, Rodriguez contends that he has been unable to speak with Paul, that Paul has refused to discuss the status of his case with family members, and that Paul has failed to address Rodriguez's request for an investigator. Although I note that Rodriguez's concerns about lack of communication with his attorney are valid, under the circumstances presented in this case, I do not find that Paul has provided ineffective representation thus far. Through his pro se § 2255 motion, Rodriguez provided his attorney with the necessary information for filing an effective amended petition.[2] As I previously noted, Paul has filed a forty-two (42) page memorandum of law based upon multiple filings previously submitted by Rodriguez. Paul has culled the arguments from at least four (4) separate lengthy documents into one (1) effective, comprehensive filing. Furthermore, Paul provided effective representation during the evidentiary hearing. To

---

[2]I also note that, due to the federal statute of limitations, Paul would generally be precluded from presenting any additional claims. See 28 U.S.C.A. § 2244(d)(1).

the extent that Paul failed to communicate with family members, I note that the issue of attorney-client privilege renders such communication problematic. Moreover, although it appears that Rodriguez wished to expand the scope of the hearing through the use of an investigator and additional witnesses, the fact remains that the purpose of his hearing was to determine if Rodriguez's plea was knowing and voluntary and to ascertain if counsel rendered effective assistance at that time. I believe that the issues at hand were comprehensively addressed. As such, Rodriguez's motion for new counsel must be denied.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :   CRIMINAL No. 98-362-12
:   (CIVIL ACTION No. 04-5942)
v.   :
:
VICTOR RODRIGUEZ   :

FILED
NOV 14 2007
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### ORDER

AND NOW, this 14TH day of November, 2007, upon consideration of Victor Rodriguez's motion for new counsel (Documents #1031 & #1032), IT IS HEREBY ORDERED that the motion is DENIED.[3]

ENTERED
NOV 14 2007
CLERK OF COURT

BY THE COURT:

_____
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

---

[3] It appears that Rodriguez's motion for new counsel was docketed twice at Document Nos. 1031 and 1032.