# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| VICTOR RODRIGUEZ |

Criminal No: No. 98-362-12
(Civil No: 04-5942)

## MEMORANDUM/ORDER

June 22, 2008

Pursuant to a plea agreement, petitioner Victor Rodriguez received a sentence of life imprisonment without parole after pleading guilty to nine counts in a superseding indictment, including charges of murder-for-hire, 18 U.S.C. § 1958, conspiracy to commit murder for hire, *id.*, murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), and conspiracy to distribute cocaine, 18 U.S.C. §§ 841(a)(1) and 846.  Rodriguez filed a *pro se* motion under 28 U.S.C. § 2255 challenging his conviction and sentence.  Docket # 964.  I referred the case to United States Magistrate Judge Peter B. Scuderi for a Report and Recommendation ("R&R").  *See* Docket # 1009; *see also* 28 U.S.C. § 636(b)(1)(B); E.D. Pa. Local R. Civ. P. 72.1(I)(b).  Judge Scuderi appointed counsel for Rodriguez and conducted an evidentiary hearing to address the ineffective-assistance-of-counsel claims raised in the § 2255 motion.

Judge Scuderi has prepared a characteristically clear and precise Report and

Recommendation, in which he recommends that Rodriguez's motion should be denied and that a certificate of appealability should not be issued.  *See* R&R, docket # 1042. Rodriguez filed objections to the R&R.  Docket ## 1046, 1047.  Having considered Rodriguez's objections, and upon review of the objected-to portions of the record, see 28 U.S.C. § 636(1)(b), I agree with Judge Scuderi's recommendations.   Therefore, after setting forth my reasons for concluding that Rodriguez's objections are without merit, I will approve and adopt the R&R.

Rodriguez's plea agreement included a waiver of the right to appeal from, or to collaterally challenge, his conviction and sentence.  *See* Guilty Plea Agreement ¶ 15 ("[T]he defendant voluntarily and expressly waives all rights to appeal or collaterally attack the conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.").  Such waivers, "if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) (discussing appeal-waiver provisions); *United States v. Shedrick*, 493 F.3d 292, 297 (3d Cir. 2007) (applying the *Khattak* standard to collateral-waiver provisions).

Rodriguez, a native Spanish speaker, contends that he was not sufficiently proficient in English to understand the questions posed to him during his plea colloquy, and therefore that he did not "knowingly and voluntarily" waive his appellate-and collateral-review rights.  This error, claims Rodriguez, resulted from the ineffective

assistance of his trial counsel, who did not arrange for an interpreter despite Rodriguez having asked him to obtain one.  Judge Scuderi correctly determined that the court could exercise its jurisdiction to address this claim.  *See* R&R at 8 n.6; *Shedrick*, 493 F.3d. 297-98 (reviewing ineffective-assistance claims pertaining to whether a § 2255 petitioner understood his guilty plea, notwithstanding petitioner having consented to a collateral-waiver provision, because failure to do so could "result in a miscarriage of justice").

Both Rodriguez and his trial counsel, Gerald A. Stein, Esq., testified before Judge Scuderi at the evidentiary hearing.  Rodriguez testified that he did not speak English fluently, and thus that he could not meaningfully communicate with his trial counsel. Rodriguez further testified that he had told Mr. Stein that he wished to have an interpreter during the judicial proceedings.  Tr. 7, 17-18.  Mr. Stein testified that he had discussed every provision of the plea agreement with Rodriguez, and that he had no doubt that Rodriguez understood the terms of the plea agreement.  Tr. 66.  Mr. Stein further testified that Rodriguez understood English at the time of the plea colloquy, that Rodriguez never requested an interpreter, and that he, Mr. Stein, would have arranged for an interpreter if Rodriguez had so requested.  Tr. 50-52.   Judge Scuderi (a) deemed Rodriguez's testimony not to be credible, (b) credited Mr. Stein's testimony, and (c) found that Rodriguez was sufficiently proficient in English to knowingly and voluntarily waive his rights at the plea colloquy.  *See* R&R at 8-14.

Rodriguez's objections to the R&R challenge Judge Scuderi's credibility findings. In those objections, Rodriguez undertakes to set forth reasons for doubting Mr. Stein's

testimony. I have considered these reasons and reviewed the relevant portions of the

record, including the transcript of Rodriguez's plea colloquy. Having done so, I find no

ground for rejecting Judge Scuderi's credibility findings.[1] *See Hill v. Beyer*, 62 F.3d 474,

482 (3d Cir. 1995) ("Our judicial system affords deference to the finder of fact who hears

the live testimony of witnesses because of the opportunity to judge the credibility of those

witnesses.").

Therefore, upon consideration of petitioner Victor Rodriguez's motion pursuant to

28 U.S.C. § 2255, the Report and Recommendation of United States Magistrate Judge

Peter B. Scuderi, petitioner's objections thereto, the government's response, and the

relevant portions of the underlying record, it is hereby **ORDERED**, for the reasons stated

in the Report and Recommendation, that:

1.  The petitioner's objections are **OVERRULED**;

2.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

3.  Petitioner's motions pursuant to 28 U.S.C. § 2255; Crim. No. 98-362-12, docket
    # 964; Civil No. 04-5942, docket # 1; are **DENIED**; and

4.  There is no basis for issuance of a certificate of appealability.

BY THE COURT:


/s/ Louis H. Pollak
Pollak, J.

---

[1] The R&R explains with clarity why Rodriguez's testimony was found by Judge
Scuderi to lack credibility. *See* R&R 8-14. I thus defer to Judge Scuderi's credibility
findings.