IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR RODRIGUEZ . | Civil Action<br><br>No. 98-362-12 |

March ___10____, 2010

<u>MEMORANDUM</u>

Petitioner Victor Rodriguez, sentenced in 2003 on various charges relating to drug trafficking, murder, and criminal possession of a weapon, filed a *pro se* Motion for Return of Property Seized and Forfeited on March 7, 2005 pursuant to Federal Rule of Criminal Procedure 41(g) for property seized in connection with his arrest and prosecution. On November 15, 2007, Rodriguez filed a *pro se* Motion for Summary Judgment in Support of Motion for Return of Property. On December 17, 2007, the Government filed a Consolidated Response to the Defendant's Motion for Return of Property and Motion for Summary Judgment.

Plaintiff's Rule 41(g) motion claims that the government wrongfully seized the following eight items: a (1) house at 3030 North Lawrence Street, Philadelphia, Pennsylvania; (2) 1995 Windstar minivan; (3) 1995 Suzuki motorcycle; (4) 1991 Lincoln

1

Towncar; (5) 1995 Hyundai Sonata; (6) 1995 Lexus; (7) 1996 Grand Am Pontiac; and (8) a Kawasaki jet ski.  Petitioner contends that, although he agreed in his plea agreement to the seizure of certain property, these eight items were not part of the plea agreement and were not part of the proceeds of any criminal activities as required by 21 U.S.C. 881(a). He further alleges that the government failed to satisfy the notice requirements in 19 U.S.C. §1607(a) with regards to the seizure of these items.

After reviewing petitioner's claims and the record before me, I conclude that petitioner's claims with respect to items 1 and 2, the house at 3030 North Lawrence Street, Philadelphia, PA and the Windstar minivan are dismissable as moot; the claims with respect to items 3, 4, and 5, the Suzuki motorcycle, Lincoln Towncar, and Hyundai Sonata are subject to dismissal on the merits; and the claims with respect to items 6, 7, and 8, the Lexus, Grand Am Pontiac, and Kawasaki jet ski are subject to dismissal for improper venue.

## I. Jurisdiction

Rule 41(g) permits a person "aggrieved by an unlawful search and seizure of the property or by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g).  Where a claim is filed under Rule 41(g) subsequent to the completion of criminal proceedings, the motion is treated as a civil action in equity. *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000) (en banc).  A district court has jurisdiction to consider a claim that a person received inadequate notice of completed administrative

2

forfeiture, even where the petitioner filed his claim after criminal proceedings have been completed. *Id.* This court's jurisdiction is limited to determining whether the completed administrative forfeiture process satisfied the statutory and due process adequate notice requirements. *Id.* This court lacks jurisdiction to review the merits of administrative forfeiture proceedings conducted by the Drug Enforcement Administrations ("DEA"). *Id.* (although a district court ordinarily lacks jurisdiction to review the merits of DEA administrative forfeiture proceedings, a district court does have jurisdiction "to review whether an administrative forfeiture satisfied statutory and due process requirements").

Accordingly, this court lacks jurisdiction to review Rodriguez's claim that the items described above were not a part of the proceeds of criminal activity, but has jurisdiction to review Rodriguez's due process claim that he was given insufficient notice of the forfeiture.

## II. Analysis

### Items 1 and 2

Rodriguez alleges that the government wrongfully seized a house at 3030 North Lawrence Street, Philadelphia, PA and a Windstar minivan. In response, the government explains that it has no evidence or knowledge of the seizure of these items or whether they were owned by Rodriguez. As Rodriguez has not submitted evidence to refute the government's assertion, I am unable to address Rodriguez's insufficient notice claim as to these two items. Accordingly, Rodriguez's claims as to the house at 3030 North

3

Lawrence Street and the Windstar minivan will be dismissed as moot.

## Items 3, 4, and 5

The civil forfeiture of property constituting the proceeds of drug transactions is authorized by 21 U.S.C. § 881(a). Where the seized property is worth less than $500,000, the government may use administrative forfeiture procedures and no judicial involvement is required. 19 U.S.C. § 1607; 21 U.S.C. § 881(d). Rodriguez does not claim to have challenged the government's administrative forfeiture prior to the completion of the criminal proceedings against him; as a result he has lost all recourse for judicial review of the administrative proceeding's merits and his sole remedy is an adequacy of notice claim under 18 U.S.C. § 983(e). *Longenette*, 322 F.3d at 761 n.4.

To satisfy due process, the government must publish notice of its intent to seize the property once a week for three weeks and must send written notice to any party known to have an interest in the property. 19 U.S.C. § 1607(a). The notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the action. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Where the party is detained, the notifying agency must address, and direct notice to, the detainee at his place of confinement. *McGlory*, 202 F.3d at 674. If a claimant fails to file a bond to contest forfeiture within twenty days after the first publication, title vests in the United States. 19 U.S.C. § 1609(a).

As to items 3, 4, and 5, the Suzuki motorcycle, Lincoln Towncar, and Hyundai

4

Sonata, the government contends that at the time notice was first sent, Rodriguez was a fugitive whose whereabouts were unknown. He was not arrested until May 14, 1999. Rodriguez has not refuted these claims. .

As to item 3, the Suzuki motorcycle, seized in Philadelphia on December 8, 1998, the record shows that the government sent notice by certified mail[1] on February 1, 1999 to Victor Rodriguez at 2803 Norcross Lane, Philadelphia, PA, and 3413 North Orianna Street, Philadelphia, PA. Notice was also sent to petitioner's girlfriend, Benita Colon, at the same addresses. And, finally, notice was sent to Allan Levine, the owner of the storage room where the motorcycle was found. The record also shows that notice was published for three successive weeks in USA Today on February 10, 17, and 24, 1999. The motorcycle was forfeited on March 17, 1999.

As to item 4, the Lincoln Towncar seized in Philadelphia on December 8, 1998, the record shows that the DEA sent notice by certified mail to Victor Rodriguez at his Norcross Lane address and North Orianna Street addresses, to Benita Colon at the same addresses, and to Allan Levine, the owner of the storage room where the Lincoln Towncar was found. The record also shows that notice was published for three successive weeks in USA Today on February 10, 17 and 24, 1999. The Lincoln was forfeited on March 17, 1999.

---

[1] Rodriguez has not disputed the government's claim that notice was sent to the last known address of each intended recipient.

As to item 5, the Hyundai Sonata seized in Philadelphia on December 8, 1998, the record shows that the DEA sent notice on March 22, 1999 by certified mail to Victor Rodriguez at his Norcross Lane address. Notices were also sent to 4532 North "D" Street, Philadelphia, to the attention of Benita Colon, Erotida Rodriguez, and a juvenile in whose name the car was registered. The record also demonstrates that notice was published for three successive weeks in USA Today on March 31, April 7 and April 14, 1999. R. 25 - 37. The Hyundai was forfeited on May 7, 1999. R. 38.

Thus, I conclude that the record shows that for items 3, 4, and 5, the government properly published notice of its intent to forfeit and sent written notices to persons known to have an interest in the property, in compliance with the due process requirements of 19 U.S.C. § 1607(a). Accordingly, the claims as to items 3, 4, and 5 will be denied.

### Items 6, 7, and 8

The government argues that venue in the Eastern District of Pennsylvania is not proper for the claims regarding the Lexus, Grand Am Pontiac, and jet ski, because the property was not seized in this district. The Lexus, Grand Am Pontiac, and jet ski were seized in Puerto Rico. Rule 41(g) states, in pertinent part, "[t]he motion must be filed in the district where the property was seized." Accordingly the claims as to these items will be dismissed for improper venue.

### III. Conclusion

With respect to Victor Rodriguez' Motion for Return of Property, an order (1) dismissing as moot the claims relating to the house at 3030 North Lawrence Street, Philadelphia and the Windstar minivan, (2) denying the claims relating to the Suzuki motorcycle, the Lincoln Towncar and the Hyundai Sonata, and (3) dismissing for improper venue the claims relating to the Lexus, the Grand Am Pontiac, and the jet ski, accompanies this memorandum.