# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | Civil Action |
|---|---|
| v. | No. 98-362-12 |
| VICTOR RODRIGUEZ | |

December 10, 2010

## MEMORANDUM

Petitioner Victor Rodriguez, sentenced in 2003 on various charges relating to drug trafficking, murder, and criminal possession of a weapon, filed a *pro se* Motion for Return of Property Seized and Forfeited on March 7, 2005, pursuant to Federal Rule of Criminal Procedure 41(g), for eight items of property seized in connection with his arrest and prosecution. On March 10, 2010, I denied or dismissed the claims in Victor Rodriguez's Motion for Return of Property as to those eight items. *See* Docket Nos. 1067 (Memorandum) & 1068 (Order).

On September 27, 2010, Rodriguez filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(4). Docket No. 1083. For the reasons that follow, I certify that, if the Court of Appeals remands for these purposes, I will (1) grant the Rule

60(b) motion for claims related to items 6, 7, and 8[1] of his Motion for Return of Property; and (2) transfer those claims to the United States District Court for the District of Puerto Rico. An appropriate order accompanies this memorandum.

## I. Jurisdiction

This court has jurisdiction over the Motion for Return of Property as a civil action in equity. *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000) (en banc). Rodriguez filed his Notice of Appeal of my March 10, 2010, order on April 5, 2010, and that appeal is still pending. A district court does not have jurisdiction to grant a 60(b) motion when an appeal is still pending. *Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir. 1985). However, a district court does have jurisdiction to deny a 60(b) motion while an appeal is pending, and it also has the power to certify that it will grant a 60(b) motion if the Court of Appeals remands the case for that purpose. Fed. R. Civ. P. 62.1(a); *Venen*, 758 F.2d at 123. Once remanded, a district court then has the power to grant the motion. Fed. R. Civ. P. 62.1(c); *Venen*, 758 F.2d at 123.

## II. Analysis

Federal Rule of Civil Procedure 60(b)(4) allows a district court to provide relief from an order if the "judgment is void." A judgment is not void merely because it is erroneous, but it can be void when the court acts in a matter "inconsistent with due

---

[1] Items 6, 7, and 8 were a 1995 Lexus, a 1996 Pontiac Grand Am, and a Kawasaki jet ski. *See* March 10, 2010, Memorandum (Docket No.1067) at 2.

process." *Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio, & Mach. Workers of Am., Local 610*, 900 F.2d 608, 612 n.1 (3d Cir. 1990) (quoting 11 Wright & Miller, *Federal Practice & Procedure* § 2862). This is not such a case.

As stated in my March 10, 2010, memorandum, the proper venue for claims relating to items 6, 7, and 8 of Rodriguez's Motion for Return of Property is the District of Puerto Rico because those items were seized in that district. *See* Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."); *see also United States v. Parlavecchio*, 57 F. App'x 917, 921 (3d Cir. Jan. 9, 2003) (noting that Rule 41(g) cleared up confusion regarding venue for post-conviction motions for the return of property). Because Rodriguez filed his motion in the Eastern District of Pennsylvania, venue was improper for those items, and it is not a violation of due process to dismiss claims for improper venue.

However, a district court may also reconsider a final order under Rule 60(b)(6) for "any other reason that justifies relief."[2] *See* Fed. R. Civ. P. 60(b)(6). This includes the "interests of justice." *See Tozer v. Charles A. Krause Mill Co.*, 189 F.2d 242, 245 (3d

---

[2] Although Rodriguez does not bring his motion pursuant to Rule 60(b)(6), focusing only on Rule 60(b)(4), it is within this court's power to consider it under Rule 60(b)(6) even in the absence of a motion that expressly invokes that subpart of the rule. *See* 11 Wright & Miller § 2865 ("[T]he court has power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion.").

3

Cir. 1951) (noting that a Rule 60(b) motion should be granted when "the interests of justice are best served"). This case does present such a situation, and I proceed to analyze Rodriguez's motion under Rule 60(b)(6).

After dismissing the claims related to items 1 & 2 for mootness, and denying the claims related to items 3, 4, and 5 on the merits, the venue defect could have been cured by a transfer to the proper venue for the claims related to items 6, 7, and 8. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). An example of a scenario where transfer, rather than dismissal, is warranted, is when a party risks "losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in [venue]." *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962); *see also Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 430 n.7 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred."); *Lafferty v. St. Riel*, 495 F.3d 72, 78 (3d Cir. 2007) (citing *Goldlawr*, 369 U.S. at 466–67).

Here, Rodriguez filed his Motion for Return of Property on March 7, 2005, following his change of plea, sentencing, and entry of judgment. *See* Docket Nos. 970, 854, 906, & 911. The motion was not ruled on until March 10, 2010, and dismissal

4

effectively destroyed his ability to refile the motion in the proper venue because, by that point, the six-year statute of limitations had run. *See Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007) (noting that "every . . . [C]ircuit [C]ourt [of Appeals] that has considered the issue" determined that the statute of limitations is six years from the end of the criminal proceeding during which the claimant could have sought the return of his property by motion).

It would not serve the interests of justice to deny Rodriguez consideration of his Rule 41(g) motion on the merits simply because he filed his motion in the wrong venue with respect to items 6, 7, and 8. Because Rodriguez has a pending appeal, however, I cannot grant his Rule 60(b) motion unless the Court of Appeals remands the case. *Venen*, 758 F.2d at 123. Accordingly, I certify that I will (1) grant Rodriguez's Motion for Reconsideration, and (2) issue an order transferring the portion of his claims relating to items 6, 7, and 8 to the United States District Court for the District of Puerto Rico, if the Court of Appeals remands for those purposes. *See* Fed. R. Civ. P. 62.1(a)(3).

### III. Conclusion

For the foregoing reasons, I certify that I will grant the Motion for Reconsideration if the Court of Appeals remands the case. An appropriate order certifying this decision accompanies this memorandum. Rodriguez is admonished to comply with Federal Rule of Civil Procedure 62.1(b) and "promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" of this court's order.