# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR RODRIGUEZ | Criminal Action<br><br>No. 98-362-12 |

## MEMORANDUM

Following a guilty plea, Victor Rodriguez was sentenced in December 2003 on various charges relating to drug trafficking, murder, and criminal possession of a weapon. He was sentenced to life imprisonment, a $900 special assessment, and a $5000 fine. (Docket No. 911.) On October 28, 2010, Rodriguez filed a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(a) seeking to modify, correct, or amend the criminal judgment in his case. (Docket No. 1084.) The government filed its response on December 17, 2010. (Docket No. 1091.) Rodriguez filed a reply on April 5, 2011. (Docket No. 1097.) For the reasons that follow, I will deny his motion without prejudice to asserting the claims in a petition for writ of habeas corpus.

In his motion, Rodriguez claims that the Federal Bureau of Prisons ("BOP") is violating the judgment of conviction. He indicates that he is being sent about $100 per month from his mother "to maintain contact with [his] children and family," but the BOP

has increased the quarterly deductions from his inmate account to pay off the $5000 fine imposed as part of his sentence. He maintains that he was paying $25 quarterly for about six-and-one-half years, but has now been asked to pay $105 quarterly. This, he says, violates the criminal judgment.

Rodriguez's objections to the execution of his sentence by the BOP are premised on an alleged misreading of the criminal judgment and sentencing colloquy, during which I made the following statement:

> With respect to a fine, the Probation Office's recommendation of a $5,000 fine is accepted. *If the defendant works while in prison*, he will be earning modest amounts, a portion of which can go toward the fine and indeed would probably in all likelihood during the period of his custody complete the payment of the fine.

(Docket No. 1084 at 3 (Tr. 11:11–16) (emphasis added).) The gist of Rodriguez's argument is his assertion that, during the sentencing colloquy, I conditioned the fine on whether he worked while in prison. Though he does not expressly state that he is not working in prison, a fair reading of his motion is that he is not working and therefore, he argues, the BOP should not have deducted money from his prison account to pay the fine.

While Rodriguez asserts that the BOP has misinterpreted this court's sentence, the contention need not be addressed at this time. Rodriguez's motion is brought pursuant to Civil Rule 60(a), but this is not a civil matter and that rule does not apply in criminal proceedings. *See, e.g.*, *United States v. Martinez-Tull*, 226 F. App'x 239, 240 (3d Cir. 2007) (not precedential) (holding that civil rules apply to civil cases, not criminal ones,

and the appropriate vehicle for appellant's sentencing challenge was through habeas corpus); *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings . . . .").

The perceived inequity of increasing the deductions from his inmate account in light of money given to him by his family raises a colorable objection to the execution of his sentence by the BOP, but the proper mechanism for Rodriguez to assert that claim is to file a habeas corpus petition pursuant to 28 U.S.C. § 2241. *See McGee v. Martinez*, 627 F.3d 933, 936–37 (3d Cir. 2010) (holding that a challenge to the BOP collection mechanism is a challenge to the execution of a sentence properly framed as a habeas corpus petition pursuant to 28 U.S.C. § 2241); *United States v. Wynn*, 328 F. App'x 826, 829 (3d Cir. 2009) (not precedential) (same); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) ("§ 2241 allows a federal prisoner to challenge the 'execution' of his sentence in habeas."). Therefore, this court will deny his Rule 60(a) motion without prejudice to his entitlement to file a habeas corpus petition in the district of confinement, though he must exhaust his administrative remedies first. *Wynn*, 328 F. App'x at 829 & n.4.

Rodriguez is confined at the United States Penitentiary in Allenwood, PA, located in Union County. This makes the proper venue for his habeas petition the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b) ("The Middle District [includes] the count[y] of . . . Union . . . ."); *United States v. Berry*, 352 F.

App'x 617, 618 (3d Cir. 2009) (not precedential) ("A petition under § 2241 must be filed in the district in which the petitioner is confined." (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)).

I will thus deny Rodriguez's Rule 60(a) motion without prejudice to his filing a habeas corpus petition in the district of confinement. An appropriate order accompanies this memorandum.