# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action |
| v. | No. 98-362-12 |
| VICTOR RODRIGUEZ | |

July 6, 2011

## MEMORANDUM/ORDER

Victor Rodriguez is currently incarcerated for life in federal prison, having pled guilty to various charges relating to drug trafficking, murder, and criminal possession of a weapon. On June 30, 2011, Rodriguez filed a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) contending that the judgment of this court was void. (Docket No. 1111.) Rodriguez simultaneously filed a *pro se* motion requesting the appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) for representation regarding the Rule 60(b) motion. (Docket No. 1112.)

For the reasons that follow, I will construe Rodriguez's Rule 60(b) motion as a successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 and transfer it to the Court of Appeals for the Third Circuit. I will also deny his motion for appointment of counsel as moot.

**I.**

Rodriguez was one of twelve defendants charged in this case, which involved an original and seven superseding indictments. The history of the indictments is as follows:

| Date | Indictment |
|---|---|
| 8/5/1998 | Original indictment |
| 2/3/1999 | First superseding indictment |
| 5/6/1999 | Second superseding indictment |
| 7/28/1999 | Third superseding indictment |
| 10/20/1999 | Fourth superseding indictment |
| 12/22/1999 | Fifth superseding indictment |
| 1/11/2001 | Sixth superseding indictment |
| 9/5/2002 | Seventh superseding indictment |

(Docket Nos. 13, 31, 91, 117, 145, 163, 302, & 797.) Rodriguez was first charged in the third superseding indictment, and he was subsequently charged in the fourth through seventh superseding indictments.

Rodriguez entered into a written guilty plea agreement with the government, and he pled guilty pursuant to that agreement in December 2002 to charges relating to drug trafficking, murder, and criminal possession of a weapon. He was thereafter sentenced to life imprisonment, a $900 special assessment, and a $5,000 fine. (Docket No. 911.)

Rodriguez previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, which this court denied on July 23, 2008. (*See* Docket No. 1051.)

## II.

In his Rule 60(b) motion, Rodriguez claims that this court's judgment of conviction is void because of various alleged defects in the aforementioned superseding indictments. Therefore, he argues, the court lacked jurisdiction to prosecute him.

As an initial matter, Rodriguez's motion is brought pursuant to Civil Rule 60(b), but this is not a civil matter and that rule does not apply in criminal proceedings. *See, e.g.*, *United States v. Martinez-Tull*, 226 F. App'x 239, 240 (3d Cir. Apr. 17, 2007) (holding that civil rules apply to civil cases, not criminal ones, and the appropriate vehicle for appellant's sentencing challenge was through habeas corpus); *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings . . . ."). Thus, Rule 60 does not itself provide a basis for relief.

What Rodriguez actually appears to be pursuing is a collateral attack, pursuant to 28 U.S.C. § 2255, on his conviction by challenging the jurisdiction of this court to adjudge him guilty.[1] The Third Circuit has held that "when [a] Rule 60(b) motion seeks to collaterally attack the [defendant's] underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004); *see also Schweitzer v. United States*, 215 F. App'x 120, 123 (3d Cir. Jan. 31, 2007) ("Because [defendant] seeks to raise new claims collaterally attacking his underlying

---

[1] This conclusion is bolstered by Rodriguez's reference to 18 U.S.C. § 3006A(a)(2)(B) in his motion for appointment of counsel, as that section applies only to one who "is seeking relief under section 2241, 2254, or 2255 of title 28."

[federal] conviction, his Rule 60(b) motion must be treated as a successive § 2255 motion.").

Rodriguez has already filed one § 2255 petition, which this court denied, so this motion is construed as a second or successive petition. "A second or successive motion [for § 2255 relief] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). "Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Rodriguez has not first moved in the Court of Appeals for the Third Circuit for an order authorizing this court to consider this collateral attack. Accordingly, this court lacks jurisdiction to consider Rodriguez's motion, properly construed as a successive § 2255 petition. Rodriguez must therefore first obtain authority from the Court of Appeals for the Third Circuit before this court may review his motion, and the motion will thus be dismissed without prejudice and transferred to that court.

Because the court dismisses and transfers the underlying Rule 60(b) motion, Rodriguez's motion for appointment of counsel in this matter will be denied as moot.

\* \* \* \* \*

**AND NOW**, this 6th day of July, 2011, upon consideration of Rodriguez's *pro se* motion contending the judgment of the district court is void pursuant to Federal Rule of

4

Civil Procedure 60(b) (Docket No. 1111), and Rodriguez's *pro se* motion for appointment of counsel (Docket No. 1112), it is hereby **ORDERED** that:

(1) the Rule 60(b) motion is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, and it is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

(2) the Rule 60(b) motion filed herein is **TRANSFERRED** as a second or successive petition for writ of habeas corpus to the Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631; and

(3) the motion for appointment of counsel is **DENIED** as moot.

                                                /s/ Louis H. Pollak
                                                Pollak, J.