**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR RODRIGUEZ | Civil Action<br><br>No. 98-362-12 |

August 18, 2011

## MEMORANDUM & ORDER

Before the court is Victor Rodriguez's motion pursuant to Federal Rule of Criminal Procedure 41(g) to reopen his case regarding the forfeiture of certain assets. For the reasons that follow, Rodriguez's motion will be denied.

### I.

Rodriguez has filed numerous motions and petitions during the long history of his case. The court recounts only that history which is necessary to provide context for the court's ruling.

On March 7, 2005, Rodriguez filed a *pro se* motion for return of property seized and forfeited pursuant to Federal Rule of Criminal Procedure 41(g). In his motion, he sought the return of eight items of property seized in connection with his arrest and prosecution related to his participation in and leadership of a Philadelphia-area drug

trafficking ring.  On March 10, 2010, this court denied Rodriguez's motion.  (Docket Nos. 1067, 1068.)

Rodriguez appealed this ruling to the Court of Appeals for the Third Circuit.  (*See* Docket No. 1069 (Notice of Appeal).)  While this appeal was pending, he filed a motion for reconsideration of a portion of this court's order (Docket No. 1083),[1] which this court indicated it would grant if the Third Circuit remanded for that purpose (Docket Nos. 1089, 1090).  On June 30, 2011, the Third Circuit affirmed this court's March 10, 2010, ruling on five of the items, and remanded to this court for transfer to the proper venue, the District of Puerto Rico, those claims that were the subject of the motion for reconsideration.  *United States v. Rodriguez*, No. 10-2179, 2011 WL 2579798, at *1 (3d Cir. June 30, 2011) (per curiam); *see* Docket No. 1115 (Certified judgment in lieu of mandate).  This court then granted Rodriguez's motion for reconsideration and transferred the three property claims to the District of Puerto Rico.  (Docket No. 1116.)

On July 27, 2011, Victor Rodriguez filed a new motion pursuant to Federal Rule of Criminal Procedure 41(g) to reopen his case regarding the forfeiture of a Hyundai Sonata automobile based on "newly discovered evidence."[2]  (Docket No. 1117.)  The

---

[1] The motion for reconsideration concerned three items of property seized in Puerto Rico (items 6, 7, and 7 of the initial 41(g) motion).  This court dismissed those claims for improper venue, but in order to avoid a statute of limitations problem, Rodriguez's motion for reconsideration sought a transfer to the proper venue instead of dismissal.

[2] The Hyundai Sonata was item 5 in Rodriguez's initial 41(g) motion.  (*See* Docket No. 1067 at 6.)

government was asked to respond, and it filed its opposition on August 12, 2011.

(Docket No. 1120.)

## II.

Federal Rule of Criminal Procedure 41(g) provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). As previously discussed in the court's March 10, 2010, memorandum and order:

> Where a claim is filed under Rule 41(g) subsequent to the completion of criminal proceedings, the motion is treated as a civil action in equity. *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000) (en banc). A district court has jurisdiction to consider a claim that a person received inadequate notice of completed administrative forfeiture, even where the petitioner filed his claim after criminal proceedings have been completed. *Id.* This court's jurisdiction is limited to determining whether the completed administrative forfeiture process satisfied the statutory and due process adequate notice requirements. *Id.* This court lacks jurisdiction to review the merits of administrative forfeiture proceedings conducted by the Drug Enforcement Administrations ("DEA"). *Id.* (although a district court ordinarily lacks jurisdiction to review the merits of DEA administrative forfeiture proceedings, a district court does have jurisdiction "to review whether an administrative forfeiture satisfied statutory and due process requirements").

(Docket No. 1067 at 2–3.) The Third Circuit affirmed the March 10, 2010, order, holding "that the District Court did not abuse its discretion in finding that sufficient notice was given to Rodriguez about the seizures and the forfeitures." *Rodriguez*, 2011 WL 2579798

at *3.

Rodriguez's present motion asserts that the Hyundai Sonata was unlawfully seized without a search warrant in violation of his due process and Fourth Amendment rights. Though it is not entirely clear what Rodriguez is arguing, he appears to believe that the DEA either did not have a warrant to seize the vehicle, or it used a warrant more than two months after it was issued to seize a Hyundai Sonata at a particular address.  (*See* Docket No. 1117 at 1–2.)  In support of his motion, he attaches "newly discovered evidence" he received from the DEA in response to a Freedom of Information Act (FOIA) request. (*See id*. at 3–5)  As the government notes, however, irrespective of whether Rodriguez's newest factual claims regarding the seizure of the vehicle are correct, they are immaterial. This court has already concluded that (a) legally sufficient notice of seizure and proposed forfeiture was provided, (b) Rodriguez failed to make a timely claim challenging any aspects of the seizure and forfeiture, and (c) the Hyundai Sonata was properly administratively forfeited.  (*See* Docket No. 1067 at 4–5.)  Moreover, the Third Circuit has already affirmed those conclusions.  Rodriguez's belated attempt to challenge the seizure of the vehicle is therefore unavailing.

Additionally, because a Criminal Rule 41(g) claim subsequent to the completion of criminal proceedings is treated as a civil action in equity, Rodriguez's motion to reopen based on newly discovered evidence could be construed as a motion pursuant to Civil Rule 60(b)(2).  A Civil Rule 60(b)(2) motion, however, must be made "no more than a

year after the entry of the judgment or order." Fed R. Civ. P. 60(c)(1). The order regarding the Hyundai Sonata was entered on March 10, 2010, and Rodriguez did not file his motion to reopen until more than one year later on July 27, 2011. Rodriguez has not explained why this evidence could not have been discovered with reasonable diligence prior to that time, and accordingly, Civil Rule 60(c)(1) appears to preclude his motion to reopen as well.[3]

* * * * *

**AND NOW**, this 18th day of August, 2011, upon consideration of Rodriguez's *pro se* motion to reopen the case pursuant to Federal Rule of Criminal Procedure 41(g) (Docket No. 1117), and the government's opposition thereto (Docket No. 1120), it is hereby **ORDERED** that Rodriguez's motion is **DENIED**.

/s/ Louis H. Pollak
Pollak, J.

---

[3] While it is true that the DEA did not respond to Rodriguez's FOIA request until April 6, 2011, Rodriguez made his FOIA request on January 14, 2008. (*See* Docket No. 1117 at 3.) Rodriguez's Rule 41(g) motion, however, was filed in 2005, and moreover, the Hyundai Sonata was seized on December 8, 1998, more than nine years before Rodriguez's FOIA request. (*See* Docket No. 1067 at 6.)