IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR RODRIGUEZ | Criminal Action<br><br>No. 98-362-12 |

January 17, 2012

**MEMORANDUM/ORDER**

Now pending before the court are Victor Rodriguez's *pro se* Motion for Production of Grand Jury Ministerial Record Pursuant to Federal Rule of Criminal Procedure 6(e), filed September 23, 2011 (Docket No. 1125), and *pro se* Motion Seek[ing] Relief from Judgment Based on Fraud on the Court Under *Hazel-Atlas*, filed October 28, 2011 (Docket No. 1128). The two motions raise common issues and will be disposed of concurrently. For the reasons that follow, I will dismiss both *pro se* motions and will transfer them to the Court of Appeals for the Third Circuit as applications to file second or successive motions pursuant to 28 U.S.C. § 2255.

**I. History**

Rodriguez pled guilty in this court on December 19, 2002, to numerous crimes, including murder in aid of racketeering activity, 18 U.S.C. § 1959(a)(1), and murder for hire, *id.* § 1958. He was sentenced to a term of life imprisonment without parole on


January 21, 2004.  He did not file a direct appeal.

On December 17, 2004, Rodriguez filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket No. 964).  He filed an amended *pro se* § 2255 motion on August 11, 2006, eventually supported by a counseled memorandum of law (Docket Nos. 1002, 1021).  Rodriguez's motion was referred to the Honorable Peter B. Scuderi, U.S. Magistrate Judge, who recommended on March 26, 2008, that the motion be denied (Docket No. 1042).  Judge Scuderi found that Rodriguez, in his plea agreement with the United States, had waived his right to attack his sentence collaterally under § 2255 and that this waiver had been made knowingly and voluntarily, with the aid of constitutionally effective counsel.  I approved and adopted the report and recommendation of Judge Scuderi and denied Rodriguez's § 2255 motion by Memorandum/Order dated June 22, 2008 (Docket No. 1051).  The Court of Appeals for the Third Circuit denied Rodriguez's request for a certificate of appealability on October 15, 2009 (Docket No. 1064).

Following this unsuccessful § 2255 motion, Rodriguez filed a *pro se* Motion for Production of Grand Jury Ministerial Record on March 24, 2011 (Docket No. 1095), alleging that newly discovered evidence indicated that he was not properly indicted by a grand jury.  I ordered the government to respond to what was in effect a Rule 6(e) motion (Docket No. 1096).  The government filed a response on May 13, 2011 (Docket No. 1104).  The government's primary contention in response to Rodriguez's motion was that,

by his plea agreement, he had waived his right to challenge his conviction and sentence. In the alternative, the government argued that there were no defects in the grand jury process and, even had there been any irregularity, Rodriguez had waived any objection he might otherwise have had by failing to seek pre-trial dismissal of the indictment. The government also pointed out that Rodriguez did not disclose the "new evidence" on which his motion was allegedly based. After the government filed its response, Rodriguez moved to withdraw his motion (Docket No. 1106). I permitted him to do so without prejudice on May 23, 2011 (Docket No. 1108).

On June 30, 2011, Rodriguez filed a *pro se* motion contending that the judgment of the district court was void based upon various alleged defects in the superseding indictments in his case (Docket No. 1111). The motion was styled as brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In a Memorandum/Order issued on July 6, 2011 (Docket No. 1113), I construed Rodriguez's putative Rule 60(b) motion as a second or successive motion under 28 U.S.C. § 2255—a motion that I lacked jurisdiction to consider. 28 U.S.C. §§ 2244(a), 2255(h). I dismissed the motion and transferred it to the Third Circuit, which subsequently denied Rodriguez's application to file a second or successive § 2255 motion (Docket No. 1124).

## II. Pending Motions

Rodriguez's Motion for Production of Grand Jury Ministerial Record Pursuant to Federal Rule of Criminal Procedure 6(e) is, in substance, a renewed version of the motion

that Rodriguez withdrew without prejudice on May 23, 2011.  The current motion alleges that newly discovered evidence indicates that Rodriguez was not properly indicted by a grand jury.  The "new evidence" is a letter dated October 1, 2010,  addressed to Rodriguez from a deputy clerk of this court.  The letter, which Rodriguez has attached to his motion, states:

> This letter is in response to your request to obtain information regarding the above-mentioned case [98-362].  The original complaint was filed on July 9, 1998.  The original indictment was filed on August 5, 1998.  There were three superseding indictments.  One was filed on July 28, 1999, one was filed on October 20, 1999, and the third was filed on January 11, 2001.

The deputy clerk's recital is incomplete: there were seven superseding indictments in this case.[1]  Based on the deputy clerk's reference to three superseding indictments, Rodriguez alleges that the government prepared the other four superseding indictments in private, without the grand jurors.  He requests disclosure of grand jury materials and an evidentiary hearing to inquire into this alleged fraud on the court.

Rodriguez advances a similar argument in his second pending motion, titled Motion Seek[ing] Relief from Judgment Based on Fraud on the Court Under *Hazel-Atlas*.

---

[1] As explained in this court's Memorandum/Order of July 6, 2011, the original indictment was filed on August 5, 1998 (Docket No. 13); a first superseding indictment was filed on February 3, 1999 (Docket No. 31); and a second superseding indictment was filed on May 6, 1999 (Docket No. 91).  The third superseding indictment—naming Rodriguez as a defendant for the first time—was filed on July 28, 1999 (Docket No. 117).  Rodriguez was also named as a defendant in the fourth, fifth, sixth, and seventh superseding indictments, which were filed on the following dates: October 20, 1999 (Docket No. 145); December 22, 1999 (Docket No. 162); January 11, 2001 (Docket No. 302); and September 5, 2002 (Docket No. 797).

The motion asserts that the deputy clerk's letter (quoted above) demonstrates that the United States committed a fraud on the court by fabricating several of the superseding indictments. Rodriguez argues that this court has inherent jurisdiction to remedy such a fraud under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-45 (1944). He requests an order dismissing the superseding indictments and releasing him from federal custody.

### III. Discussion

"The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring). Rodriguez has not undertaken to allege any facts controverting the presumption of grand jury regularity. Nor has he shown that he would be entitled to any relief at this late date, following his guilty plea and sentencing. Nor, finally, has Rodriguez shown how or why he should be permitted to avoid the waiver contained in his plea agreement, which formed the basis for denying his first § 2255 motion.

However, whether the two pending motions—the Rule 6(e) motion for production of grand jury records, and the motion for relief from judgment based on fraud—should be denied for lack of merit or dismissed for lack of jurisdiction is a difficult question. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal district court lacks jurisdiction to entertain a second or successive § 2255 motion for post-

conviction relief unless the petitioner is first granted permission by the appropriate Court of Appeals to file the second or successive motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Benchoff v. Colleran*, 404 F.3d 812, 815-16 (3d Cir. 2005). Rodriguez has not sought or been granted leave of the Third Circuit to file the pending motions.

It would be expedient to ignore the jurisdictional issue and deny both of Rodriguez's motions on the merits, but "it is incumbent upon [the court] to address the successiveness issue *sua sponte* to ensure . . . jurisdiction to hear the merits." *Benchoff*, 404 F.3d at 815; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (holding that Article III court must satisfy itself that subject-matter jurisdiction is proper before addressing the merits of a case). I thus turn to whether either of the pending motions should be treated as a second or successive § 2255 motion.

**A.      Motion for Production of Grand Jury Records**

The Third Circuit has not addressed whether to treat a post-conviction motion to produce grand jury materials as a second or successive § 2255 motion. Presumably this is because post-conviction challenges to the proceedings of the grand jury are rare.

Under Rule 6(e), invoked by Rodriguez, the court may pierce the secrecy of the grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). But Rule 12(b)(3)(B) requires a defendant who seeks dismissal of an indictment to file a motion before trial. A defendant's failure to seek timely, pre-trial

dismissal of the indictment results in waiver of "any Rule 12(b)(3) defense, objection, or request" to the indictment—a waiver which the court may only forgive "[f]or good cause." Fed. R. Crim. P. 12(e).  Convicted defendants face the additional hurdle of showing that any defects in the grand jury proceedings were not rendered harmless by the subsequent finding of guilt beyond a reasonable doubt. *Mechanik*, 475 U.S. at 70; *see also* 1 Charles A. Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 113, at 481-82 (4th ed. 2008).  So Rule 6(e) is an unlikely avenue for post-conviction relief.

In the absence of any specific guidance from the Third Circuit, I find that Rodriguez's Rule 6(e) motion is best construed as a collateral attack on his conviction. The motion seeks an evidentiary hearing ultimately aimed at dismissal of the indictment; thus, it is a challenge to "the fact . . . of confinement" within the meaning of 28 U.S.C. § 2255 and is subject to the limitations of AEDPA.  This accords with the decision of the Seventh Circuit in *United States v. Scott*, 414 F.3d 815, 816-17 (7th Cir. 2005), which held that a prisoner's post-conviction Rule 6 request for grand jury materials must be treated as a § 2255 motion when the prisoner seeks the materials to challenge the legality of the indictment leading to the prisoner's conviction.  It also accords with the statement of the Third Circuit that "there is no general federal right, other than on collateral attack, to challenge . . . an indictment after the defendant pleads guilty." *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (construing *pro se* "Motion to Dismiss the Underlying Indictment" as § 2255 motion); *see also United States v. Abuhouran*, 232 F. Supp. 2d

447, 453-54 (E.D. Pa. 2002) (construing post-conviction Rule 6(g) motion to challenge length of grand jury impanelment as second or successive § 2255 motion).

Accordingly, in the order that follows, Rodriguez's Rule 6(e) motion will be dismissed for lack of subject-matter jurisdiction and transferred to the Third Circuit as an application to file a second or successive § 2255 motion.

**B.     Motion for Relief from Judgment under *Hazel-Atlas***

    **1.     *Hazel-Atlas* Overview**

The elements of a *Hazel-Atlas* claim for fraud on the court are as follows:

> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence.

*Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005) (footnote and internal quotation marks omitted).

The doctrine derives its name from *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, in which the Supreme Court held that a federal court could grant relief in equity from the court's own prior final judgment under certain rare circumstances, including "after-discovered fraud," even though the ordinary time period for altering the prior judgment had already lapsed. 322 U.S. at 244. The equitable power to set aside a prior judgment for fraud on the court is extraordinary, with few of the limitations that otherwise constrain

motions for relief from a judgment due to fraud under Rule 60(b)(3) of the Federal Rules of Civil Procedure or independent actions for relief from a judgment due to fraud. *See generally* 11 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2870, at 411-13 (2d ed. 1995); 12 Joseph T. McLaughlin, *Moore's Federal Practice* § 60.81[1][b][v] (Lexis ed., through 2011).[2]

*Hazel-Atlas* concerned fraud on the court in a civil action. The Third Circuit has recently held that a federal court does not have any analogous "inherent power to vacate its own judgment when the judgment was procured by fraud on the court" in a criminal prosecution. *United States v. Washington*, 549 F.3d 905, 911 (3d Cir. 2008). The *Hazel-Atlas* doctrine of expansive power to remedy a fraud on the court rests on a rule of equity "firmly established in English practice long before the foundation of our Republic." *Hazel-Atlas*, 322 U.S. at 244. By contrast, "federal courts ha[ve] been sentencing

---

[2]The distinctions between relief for fraud by motion under Rule 60(b) or in an independent action in equity—preserved by the "savings clause" now found at Rule 60(d)—are not germane to Rodriguez's pending motions and will not be discussed. *Compare Averbach v. Rival Mfg. Co.*, 809 F.2d 1016, 1022-23 (3d Cir. 1987), *with United States v. Beggerly*, 524 U.S. 38, 46-47 (1997), *and Geo. P. Reintjes Co., Inc. v. Riley Stoker Corp.*, 71 F.3d 44, 48-49 (1st Cir. 1995). However, at least one district court has found it prudent, "[i]n an abundance of caution," to re-docket a prisoner's *pro se* motion under *Hazel-Atlas* as an independent civil action. *Barrett v. United States*, No. 06-cv-1324, 2006 WL 3248396, at *6 (N.D.N.Y. 2006). In light of my decision to construe Rodriguez's *Hazel-Atlas* motion as a § 2255 motion, this re-docketing procedure is unnecessary. In any event, it is clear that—whether the issue is raised by motion, in an independent action, or *sua sponte* by the court—the extraordinary relief contemplated in *Hazel-Atlas* and sought by Rodriguez is only available for fraudulent conduct that is so egregious that it "seriously affects the normal process of adjudication." *Herring*, 424 F.3d at 386 n.1.

criminal defendants for nearly 200 years" without the development of any analogous "body of law recognizing a federal court's inherent power to vacate a sentence at some indeterminate time after the sentence is rendered on the basis of a fraud." *Washington*, 549 F.3d at 913.  Even if federal courts once possessed the power to vacate a criminal judgment of sentence tainted by fraud on the court, that power has now been abrogated by statute and rule.  *See id.* at 914 (citing 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35).

### 2. Successiveness

Against this backdrop, Rodriguez's *Hazel-Atlas* claim appears particularly futile; this court lacks the inherent power to vacate Rodriguez's prior criminal conviction and, even if such power existed, the standard for relief due to fraud on the court is exceptionally high.

Those difficulties go to the merits of Rodriguez's claim.  The immediate question is whether this court has jurisdiction to reach the merits.  The Third Circuit has yet to address in a precedential opinion whether a post-conviction motion for relief from judgment under *Hazel-Atlas* should be treated as a § 2255 motion.  *See, e.g.*, *United States v. Barbosa*, 239 F. App'x 759, 760-61 (3d Cir. 2007) (per curiam) (noting lack of precedential authority on the issue).

The Third Circuit's treatment of the issue in non-precedential orders and opinions has run the gamut.  In one instance where the district court had transferred a prisoner's *Hazel-Atlas* motion to the court of appeals as a successive § 2255 motion, the Third

Circuit stated that the "motion seeks relief from judgment based on a fraud on the court under *Hazel Atlas Glasss Co. v. Hartford-Empire Co.*, 332 U.S. 238 (1944), and as such, is not a second or successive section 2255 motion." *In re Weatherwax*, No. 99-3550 (3d Cir. Nov. 12, 1999) (unpublished order).  But the court has also suggested the opposite view in, for example, *United States v. Reynolds*, which affirmed denial on the merits of a post-conviction *Hazel-Atlas* motion but cautioned that it would be "the preferable course" to treat such a motion as a § 2255 motion.  No. 11-1839, 2011 WL 4839068, at *1 n.1 (3d Cir. Oct. 13, 2011) (per curiam).

At other times, the Third Circuit has affirmed denial on the merits of a post-conviction *Hazel-Atlas* claim while expressly reserving decision on whether to apply the gate-keeping provisions of AEDPA, *United States v. Burke*, 193 F. App'x 143, 144 (3d Cir. 2006) (per curiam), or while reserving decision and, in the alternative, denying a certificate of appealability, *Barbosa*, 239 F. App'x at 760 n.2.  And, finally, the court has affirmed the denial on the merits of a post-conviction *Hazel-Atlas* motion without any discussion of the potential AEDPA limitations on such a motion.  *United States v. Brown*, No. 11-2784, 2011 WL 4375815, at *1 (3d Cir. Sept. 21, 2011).

In light of those conflicting signals, I look instead to the well-established jurisprudence surrounding post-conviction motions under Rule 60(b) of the Federal Rules

of Civil Procedure.³ Like a Rule 60(b) motion, a post-conviction *Hazel-Atlas* claim might be used to challenge either (i) the prisoner's underlying judgment of conviction or sentence or (ii) a prior judgment entered in post-conviction relief proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-36 (2005) (discussing Rule 60). Only the former resembles a collateral attack on the conviction. By analogy to Rule 60(b), when a *Hazel-Atlas* claim seeks relief from an underlying criminal judgment, it too is "in substance a successive habeas petition," subject to the limitations of AEDPA. *See id.* at 531. On the other hand, when a *Hazel-Atlas* claim seeks relief based on fraud on the habeas court, it is not a collateral attack on the prisoner's judgment of conviction or sentence and should not be treated as a successive habeas petition or § 2255 motion. *See id.* at 532 n.5.

Thus, only when a prisoner invokes *Hazel-Atlas* to "attack[] the integrity of the underlying criminal proceeding," should the prisoner's claim be treated as a second or successive § 2255 motion. *Barrett*, 2006 WL 3248396, at *9; *accord United States v. McIntosh*, 373 F. App'x 597, 599 (7th Cir. 2010) ("The substance of McIntosh's post-judgment [*Hazel-Atlas*] motion is a request for relief from the underlying criminal judgment. Such a request, regardless of its caption, requires advance authorization from

---

³It is true that "an independent action alleging fraud upon the court is completely distinct from a motion under Rule 60(b)." *Herring*, 424 F.3d at 389. But the two are sufficiently similar, in the habeas context, that the successiveness case law surrounding Rule 60(b) is a helpful guide to resolving similar issues for *Hazel-Atlas* claims. For another analogy, see *Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (reasoning that "a prisoner's motion to recall the mandate [of a circuit court] on the basis of the merits of the underlying decision can be regarded as second or successive application").

the court of appeals where, as here, its substance attacks the constitutional validity of the criminal judgment on the merits."). To hold otherwise would be to invite the use of *Hazel-Atlas* as a pleading device to evade the restrictions imposed by Congress on second or successive habeas petitions.

Rodriguez has anticipated this potential hurdle and has argued in his *Hazel-Atlas* motion that "[a]n action seeking relief based on . . . a fraud on the court claim is distinct from a habeas petition and is not governed by the Anti-Terrorism and Effective Death Penalty Act of 1996." In support of this claim, he quotes extensively from *Burke v. United States*, Nos. 92-cr-268, 96-cv-3249, 2005 WL 2850354 (E.D. Pa. Oct. 28, 2005), *aff'd*, 193 F. App'x 143 (3d Cir. 2006), which held that a *Hazel-Atlas* claim was not subject to the limitations of AEDPA.

In that case, Robert Burke brought a post-conviction independent action for relief from a judgment due to fraud, which the District Court construed as "the functional equivalent of a habeas petition that had not been certified by the court of appeals." *See Burke*, 2005 WL 2850354, at *1 (describing history of case). The District Court therefore dismissed the action for lack of jurisdiction. *Id.* Several years later, Burke filed a second civil action, which alleged substantially similar fraud as the first (dismissed) action but which was brought under the mantle of *Hazel-Atlas*. *Id.* at *2.

Although the government in *Burke* argued that the *Hazel-Atlas* claim should also be dismissed as an unauthorized second or successive habeas petition, the District Court

instead addressed the claim on the merits.  *See Burke*, 2005 WL 2850354, at *4 n.5.  But it is clear in reading *Burke* that the District Court felt itself constrained to follow the "rule" stated by the Third Circuit in an unpublished order in *Weatherwax*, No. 99-3550 (3d Cir. Nov. 12, 1999), to the effect that a *Hazel-Atlas* claim is not a second or successive habeas petition; otherwise, there was no reason in the case to treat Burke's second action alleging fraud any differently than his first action, which the District Court had dismissed.  As the Third Circuit has subsequently clarified, however, there is no such "rule," and the application of AEDPA to *Hazel-Atlas* claims remains an open question. *See Reynolds*, 2011 WL 4839068, at *1 n.1; *Barbosa*, 239 F. App'x at 760-61.  In light of this more recent authority from the Third Circuit, *Burke* does not persuade me that *Hazel-Atlas* claims should be wholly exempt from AEDPA.

Applying these principles to Rodriguez's pending *Hazel-Atlas* motion, I find that the motion must be dismissed as an unauthorized successive § 2255 motion.  Rodriguez's claim of fraud goes to his criminal conviction, not to prior habeas proceedings.  His contention is that the prosecutor prepared several of the superseding indictments against him in private, without presentment to the grand jury.  That is a collateral attack on the legality of his criminal conviction.  This court is not empowered to hear such a challenge unless and until Rodriguez receives authorization from the Third Circuit.

*   *   *   *   *

**AND NOW**, this 17th day of January, 2012, upon consideration of the defendant's

*pro se* Motion for Production of Grand Jury Ministerial Record Pursuant to Federal Rule of Criminal Procedure 6(e), filed September 23, 2011 (Docket No. 1125), and *pro se* Motion Seek[ing] Relief from Judgment Based on Fraud on the Court Under *Hazel-Atlas*, filed October 28, 2011 (Docket No. 1128), it is hereby **ORDERED** that:

(1) both of the motions are construed as motions to vacate, set aside, or correct a federal sentence under 28 U.S.C. § 2255 and are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

(2) both of the motions are **TRANSFERRED** to the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as applications to file a second or successive § 2255 motion.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.